Körber & Cía., Demandante y Apelada, *v.* Orrach, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre cobro de dinero.

No. 2708.—Resuelto en junio 20, 1923.

Cobro de Dinero—Prueba Contradictoria—Pasión, Prejuicio, Parcialidad o Error Manifiesto.—En el presente caso se trata del cobro de materiales suplidos al encargado de la ejecución de una obra por cuenta del administrador de la misma. La prueba, parte de la cual se inserta en la opinión, es contradictoria respecto a si el primero compró los materiales cuyo importe se reclama, con autoridad del segundo; y no habiéndose demostrado que al apreciarla actuara la corte movida por pasión, prejuicio o parcialidad, o cometiera error manifiesto, se confirmó la sentencia.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. José de Guzmán Benítez.*
Abogado de la apelada: *Sr. H. G. Molina.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Korber & Cía. demandó a Guillermo Orrach en cobro de $1,438.10, precio de ciertos materiales vendidos por la demandante a un representante del demandado. Durante la vista, y a virtud del endoso de cierto cheque, quedó reducida la reclamación a $1,018.10. Practicadas las pruebas, la

corte dictó sentencia en contra del demandado y éste inter-
puso contra ella el presente recurso de apelación.

Noventa y siete páginas contienen el alegato del apelante.
Los errores se dividen en tres grupos, así: 1, errores por
inexactitud de ciertos hechos cuya existencia equivocada-
mente se supone; 2, errores en la apreciación de la prueba,
y 3, errores de derecho.  Luego se especifican y argumentan
veintiún errores.

Sucedió que la corte de distrito escribió una larga y mi-
nuciosa opinión para fundar su sentencia y la parte apelante
analiza y compara y comenta esa opinión en relación con las
alegaciones y las pruebas, también extensa y minuciosa-
mente.  No seguiremos igual método.  En el fondo sólo hay
envuelta en el recurso una cuestión, a saber: ¿cometió la
corte sentenciadora error manifiesto al apreciar la prueba?

A nuestro juicio es evidente que el demandado Orrach
contrató con el Departamento del Interior de Puerto Rico la
construcción de ciertos kilómetros de la carretera de Corozal
a Barros y encargó la ejecución de la obra a su sobrino
José B. Salvá.  Declarando el propio demandado en el acto
de la vista, dijo:

"A. ¿Quién tenía allí encargado.—T. La parte administrativa
era la mía y la parte material del trabajo era de él.

"A. ¿La parte administrativa era de Ud?—T. Sí señor.

"A. ¿Qué hacía Ud. en la parte administrativa?—T. Buscar di-
nero, proporcionar dinero.

"A. ¿A quién?—T. Al Sr. Salvá.

"A. ¿Además de eso que hacía Ud. en la parte administrativa?—
T. Nada más.  Lo demás era trabajo material, atender la obra y
buscar recursos.

"A. ¿Ud. dice atender el trabajo material?—T. No he dicho
eso.  Yo proporcionaba los recursos necesarios para la administra-
ción de la obra y Salvá estaba encargado de la ejecución de los tra-
bajos de la construcción, trabajos materiales.

"A. ¿Lo único que tenía Ud. que ver con la obra era facilitar
los recursos?—T. Sí señor.

"A. ¿Ud. no hacía las compras de materiales?—T. No señor.

"A. ¿Ud. no empleaba los peones?—T. No señor.

"A. ¿Ud. no hacía nada sino facilitar al Sr. Salvá dinero?—T. Sí señor."

Es evidente también que Salvá compró para la obra a la demandante los materiales cuyo precio se reclama en este pleito. La demandante sostiene que Salvá actuó con autoridad del demandado y que el demandado reconoció finalmente la cuenta y se comprometió a pagarla. El demandado sostiene que no autorizó a su sobrino para hacer tal compra a crédito ni reconoció la deuda. La prueba es contradictoria en esos extremos esenciales. Las declaraciones de William Munich, de Francisco Gatell y de José B. Salvá sostienen la contención de la demandante. Su propia declaración, la del demandado.

Parece conveniente transcribir lo que sigue, de la segunda declaración de Salvá prestada después de haber declarado el demandado. Dice así:

"A. ¿Qué facultad o autorización, si alguna, le dió a Ud. el Sr. Orrach para abrir cuentas y comprar materiales para la obra de Corozal a Barros?—.T Aunque verbalmente había un compromiso nuestro yo era el único que intervenía en el negocio y por consiguiente estaba autorizado para comprar, alquilar y hacer todo lo que fuera necesario.

"A. ¿Sabe Ud. si le constaba al Sr. Orrach que Ud. estaba tomando materiales en la casa de Korber para esa obra?—T. Indiscutiblemente.

"A. ¿Por qué indiscutiblemente?—T. Porque eran necesarios para la construcción de la carretera.

"A. ¿El sabía que Ud. estaba tomando materiales en la casa de Korber?—T. Sabía que eran de Korber.

"A. ¿Cómo lo sabía él?—T. Informado por mí.   *   *   *

"A. ¿Cuando Ud. fué a la casa de Korber a hacer esa cuenta dice Ud. que llevó autorización de su tío?—T. El mismo contrato lo llevó, lo enseñó. El habló con esos señores y le dijo: éste es mi sobrino que está autorizado para comprar."

El juez resolvió el conflicto en contra del demandado y no habiendo éste demostrado satisfactoriamente que la corte sentenciadora actuara movida por pasión, prejuicio o parcialidad, ni que cometiera error manifiesto, de acuerdo con la jurisprudencia constante de este tribunal, debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.